# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-04905-AG-JC | Date | June 6, 2019 |
|---|---|---|---|
| Title | Cornell Elijah Davis v. Christian Pfeiffer | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| none present | none present |

**Proceedings:** (IN CHAMBERS)

### ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED DUE TO FAILURE OF CORNELL ELIJAH DAVIS TO VERIFY PETITION

On March 25, 2019, a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus ("Petition"), which was signed solely by Christopher Lipsey, Jr., was formally filed in Case No. 2:19-cv-1229-AG-JC ("Other Action") purportedly on behalf of two California State inmates – Lipsey and Cornell Elijah Davis. As the Petition improperly purported to challenge two separate judgments – a judgment against Lipsey in Los Angeles County Superior Court Case No. BA340280 and a judgment against Davis in Orange County Superior Case No. 14NF2777 – the Court, on June 3, 2019, ordered that the Other Action would proceed solely as to Lipsey and that the instant action ("Instant Action") be opened which would proceed solely as to Davis ("June Order"). See Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") ("A petitioner who seeks relief from judgment of more than one state court must file a separate petition covering the judgment or judgments of each court."). The Court further directed that the Petition and the June Order be filed in the Instant Action as of the date of the filing of the Petition and June Order in the Other Action.

Rule 2(c)(5) of the Habeas Rules requires that a habeas petition be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242. A district court may dismiss an unsigned and unverified petition for writ of habeas corpus. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (district court may dismiss unsigned/unverified petition for writ of habeas corpus).

Here, the Petition is deficient at least because it is not signed under penalty of perjury by Davis or by a person authorized to sign it for Davis under 28 U.S.C. § 2242. Although Lipsey, proceeding *pro se*, signed the Petition, Lipsey did not sign or verify the Petition for Davis and is not authorized to do so. See e.g., Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) (*pro se* litigants have no authority to represent anyone other than themselves).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04905-AG-JC | Date | June 6, 2019 |
|---|---|---|---|
| Title | Cornell Elijah Davis v. Christian Pfeiffer | | |

In light of the foregoing, Davis is ordered by not later than **June 26, 2019** to show cause why the Petition should not be dismissed due to Davis' failure to verify the Petition. Davis' filing of a signed/verified version of the Petition by such date will be a sufficient response to this Order to Show Cause. The Clerk is directed to provide Davis with a copy of the Petition for Davis' use in the event he elects to respond to this Order to Show Cause by signing such copy, verifying that the contents thereof are true and correct under penalty of perjury, and returning it to the Court by the foregoing deadline.

**Davis is cautioned that the failure timely to respond to this Order to Show Cause may result in the dismissal of the Petition based upon the above-referenced deficiency and/or the dismissal of this action based on Davis' violation of this Order to Show Cause and/or Davis' failure to prosecute.**

IT IS SO ORDERED.

Attachment (Petition)